FILED

AUG 22 2017

Clerk, U.S. Bankruptcy, Orlando Division

# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| In Re: | ) | Case#17-02012-6A7 |
|---|---|---|
| | ) | Chapter 13 |
| Neil Dyer | ) | Judge C. Jackson |
| 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 | ) | |
| | ) | |
| Debtor(s) | ) | |

## RESPONSE TO OBJECTION TO CONFIRMATION OF THE DEBTOR'S CHAPTER 13 PLAN

**DEBTOR NEIL DYER ("Debtor")** files the herein Response to THE BANK OF NEW YORK MELLON, et al's. ("Movant") Objection to Confirmation of The Debtor's Chapter 13 Plan. This Response is based on the fact that Movant is not a real party in interest and does not hold a first mortgage against the subject property, the real party in interest, STRUCTURED ASSET MORTGAGE INVESTMENTS II INC, is properly listed in Debtor's schedules and in his confirmed Chapter 13 Plan.

Finally, Movant seeks to usurp the Court's discretion, as confirmation of Debtor's Chapter 13 Plan is well within the expression of the Court's wisdom in the interests of justice.

DATED: August 22, 2017

_____
NEIL DYER
Debtor

**DISCUSSION**

1. In its Opposition, Movant miscasts itself as a "secured creditor." Movant, per the foreclosure judgment regarding the subject property, is designated "as trustee" for STRUCTURED ASSET MORTGAGE INVESTMENTS II INC. "(STRUCTURED)" is the purported holder of the first mortgage and, therefore, is the real party in interest.

"(STRUCTURED)" is listed in Debtor's schedules and designated as a recipient under Debtor' Chapter 13 Plan.

2. There is no factual basis to support Movant's filing a Proof of Claim. As noted above, "(STRUCTURED's)" interests are recognized and protected in Debtor's schedules and Chapter 13 Plan. If Movant is allowed to file a Proof of Claim, Debtor would be overburdened and a victim of "double dipping."

Debtor objects to Movant filing a Proof of Claim. His Chapter 13 Plan has been confirmed by the Court.

3. Movant has no legal basis upon which it has rights to accept or reject Debtor's Chapter 13 Plan.

4. Movant fails to recognize that the Court's confirmation of Debtor' Chapter 13 Plan and accepting proofs of claim are discretionary. Here, the Court, in its wisdom, found Debtor' Chapter 13 Plan to be fair, just and within reason.

5. Debtor's disposable income has changed since his voluntary filing. The increase is due to rental income and part time income. The schedules and Chapter 13 Plan will be amended accordingly.

## CONCLUSION

For the reasons stated, the Court should overrule Movant's objection to Debtor's Chapter 13 Plan.

DATED: August 22, 2017

_____
NEIL DYER
Debtor

# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case#17-02012-6A7 |
| | ) | Chapter 13 |
| Neil Dyer | ) | Judge C. Jackson |
| 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 | ) | |
| | ) | |
| Debtor(s) | ) | |

## CERTIFICATE OF SERVICE

I, Neil Dyer hereby certify that a true and correct copy of the foregoing was mailed to the U.S. Bankruptcy court clerk at 400 W Washington St, Orlando, FL 32801, and that a true and correct copy of the foregoing was furnished to all parties listed on the Debtor's creditors matrix and amendment to creditor's matrix by U.S. Mail, postage prepaid this 22nd day of August 2017

_____
Neil Dyer